51 P.3d 1110

In re SRBA Case No. 39676, Subcase No. 03–10022, Nez Perce Tribe Off–Reservation Instream Flow Claims.

UNITED STATES of America, Appellant,

v.

STATE of Idaho, Pioneer Irrigation District, Payette River Water Users Association, Inc., Settlers Irrigation District, Little Salmon Water Users, Inc., Bogus Basin Recreational Association, Inc., Newfoundland Partners, Thompson Creek Mining Company, Thousand Springs Ranch, Sinclair Oil Corporation d/b/a Sun Valley Company; Potlatch Corporation, Dewey Mining Company and Thunder Mountain Gold, Inc.; Boise–Kuna Irrigation District, Big Bend Irrigation, New York Irrigation District, Wilder Irrigation District and City of Ketchum; Aglund, Inc., Agwild, Inc., Bar–U–Inc., Buck Creek Ranch, Inc., Glen Dale Farms, Inc., Idaho Falls Bonded Produce and Supply Company, Inc., M.L. Investment Company, Potato Storage Inc., SSI Foods, Inc., SSI Food Services, Inc., Simplot Cattle Co., J.R. Simplot Company, Simplot Meat Products, Inc., and TM Ranch Company; Twin Falls Canal Company, North Side Canal Company, Milner Irrigation District; Idaho Ground Water Appropriators, Inc.; Nampa & Meridian Irrigation District, Farm Development Corporation, Allen Noble Farms, Allen T. Noble, Cottonwood Canal Co., Grindstone Butte Mutual Canal Co., Sailor Creek Water Co., G. Patrick Morris and TFI Limited Partnership; Harrison Canal, Burgess Canal, Progressive Irrigation District, Enterprise Irrigation District, Peoples Canal & Irrigation Co., New Sweden Irrigation District, Snake River Valley Irrigation District, Idaho Irrigation District, Egin Bench Canal, Inc.,

and North Fremont Canal Systems, Inc.; Idaho Power Company; A & B Irrigation District, Aberdeen Springfield Canal Company, Falls Irrigation District and Burley Irrigation District; Shoshone–Bannock Tribes, Respondents.

In re SRBA Case No. 39576, Subcase No. 03–10022 Nez Perce Tribe Off–Reservation Instream Flow Claims.

Nez Perce Tribe, Appellant,

v.

State of Idaho, et al., Respondents.

Nos. 26770, 26771.

Supreme Court of Idaho, Boise, March 2002 Term.

June 4, 2002.

Rehearing Denied Aug. 12, 2002.

Thomas E. Moss, U.S. Attorney General; Marc D. Haws, Deputy U.S. Attorney, Boise; Peter C. Monson, U.S. Dept. of Justice, Washington, D.C. for appellant. Elizabeth A. Peterson argued.

Steven Lubet, Foreign Counsel, Chicago, for appellant Nez Perce Tribe.

Hon. Alan G. Lance, Attorney General, Boise, for respondent State. Steven W. Strack argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent Thompson Creek Mining Company. Scott L. Campbell argued.

Barker, Rosholt & Simpson LLP, Boise, for respondent Federal Claims Coalition. Albert P. Barker argued.

SCHROEDER, Justice.

This is a permissive appeal from a July 14, 2000 Non–Disqualification Order by Judge R. Barry Wood, then the presiding judge of the Snake River Basin Adjudication (SRBA), denying the Nez Perce Tribe's (NPT) motion to disqualify him. The NPT alleged that Judge Wood and his family had interests in water rights that could conflict with the NPT's rights, and that the judge should recuse himself from the case.

## I.

### FACTUAL BACKGROUND

The underlying case for which NPT wanted Judge Wood disqualified began in 1993 when the United States (on behalf of NPT) filed a Notice of Claim to a Water Right Reserved Under Federal Law with the Idaho Department of Water Resources (IDWR). The notice dealt with the legal interest in three categories of water rights. The NPT itself also filed a claim for the beneficial interest in the same three categories. The claims were for instream flow, some on the reservation and others off the reservation. The priority date claimed is "time immemorial." Several parties, including the State of Idaho, Idaho Power and a group of users called the Federal Claims Coalition, filed objections.

Then–SRBA presiding Judge Hurlbutt consolidated the claims into one subcase. The first issue the court was to determine whether the NPT was entitled to the water right pursuant to an 1855 Treaty. If so, the court would then determine the amount of water necessary to satisfy such right. In 1998 several groups of objectors filed Motions for Partial Summary Judgment contending that the cited article of the Treaty did not entitle the NPT to off-reservation instream flows. This motion was noticed for hearing when Judge Wood was presiding judge of the SRBA. After hearing oral arguments, Judge Wood entered a Judgment Granting Motions for Summary Judgment and four related orders. He did not rule on several pending motions concerning evidence submitted by the U.S. and NPT in which they alleged would have demonstrated genuine issues of material fact in opposition to the summary judgment motions. Judge Wood certified the partial summary judgment as a final judgment for purposes of appeal, and the U.S. and NPT filed timely appeals.

## II.

### PROCEDURAL BACKGROUND

NPT claims that it learned of a potential conflict of interest in December of 1999, after the dismissal of the off-reservation instream flow claims. The U.S. and NPT gathered evidence that Judge Wood and direct family members had claims for water rights in the SRBA.

NPT filed a Disqualification Motion in February of 2000 based on: 1) Canon 3 of the Idaho Code of Judicial Conduct (prohibiting conflicts of interest); 2) Rule 40(d)(2)(A)(1) of the Idaho Rules of Civil Procedure (disqualification if a party or interested in action); 3) Rule 40(d)(2)(A)(2) of the I.R.C.P. (disqualification if related to party); 4) Rule 60(b)(1), (2), (4), and (6) of the I.R.C.P. (relief from final judgments); 5) Article I, § 18 of the Idaho Constitution; and 6) the 14th Amendment to the Constitution of the United States.

Judge Wood made a disclosure in response in which he revealed additional information about SRBA claims of his own and his family members. Several of the objectors from the Tribe's other claim filed responses to the Disqualification Motion. NPT filed a reply in which it asked for an opportunity to conduct discovery on factual questions raised by Judge Wood's disclosure.

Judge Wood heard the Disqualification Motion on February 15, 2000. Before making a ruling Judge Wood entered a Supplemental Disclosure on February 28, 2000, disclosing more family irrigation claims. The NPT responded, contending that these subsequently disclosed family claims might conflict with the NPT's instream flow claims in the underlying case. Judge Wood denied the Disqualification Motion and the request to conduct discovery. The NPT filed a Motion for Permissive Appeal from the Non–Disqualification Order, which Judge Wood granted. The NPT filed a Notice of Permissive Appeal.

### III.

### THE QUESTION OF THE DISTRICT JUDGE'S DISQUALIFICATION IS MOOT

There are considerable issues in dispute over the question of whether Judge Wood should have disqualified himself. Ultimately, however, the question is moot. Judge Wood is no longer the SRBA judge and will not rule on issues in this or other SRBA cases. The rulings that he has made in this case are subject to free review by this Court. No deference is paid to the legal rulings made by the SRBA court on questions of law. The jurisprudence and history of this Court in dealing with review of decisions of the SRBA court are consistent with this statement.

The issues that have been raised in this case concerning the interests of Judge Wood and his family have alerted judges to the concerns of NPT and other litigants. Steps have been taken to make full disclosure of interests that might influence a decision. A ruling is not necessary to achieve the end of full disclosure and sensitivity to issues of a conflict of interest.

Granting the relief sought by the Appellant would result in delay and financial hardship to the litigants with no justifiable consequence.

### IV.

### CONCLUSION

The appeal is dismissed as moot.

Justices WALTERS and KIDWELL and Pro Tem Justices WESTON and STICKLEN concur.